**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISON AT GREENEVILLE**

| | | |
|---|---|---|
| **KENNETH LON ECKENRODE, and wife,** | **)** | |
| **BRENDA ECKENRODE,** | **)** | |
| | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **v.** | **)** | **Civil Action No.: _____________** |
| | **)** | |
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## COMPLAINT

COME the Plaintiffs, Kenneth Lon Eckenrode, and wife, Brenda Eckenrode, by and through counsel, and for a cause of action would show unto the Court the following:

1. This is a cause of action for healthcare liability based upon medical malpractice arising from care and treatment provided to Plaintiff Kenneth Lon Eckenrode at the James H. Quillen VA Medical Center in Johnson City, Tennessee (henceforth "VA").

2. Plaintiffs have complied with the notice requirements for Health Care Liability actions as set forth fully at Tenn. Code Ann. § 29-26-121 and attach proof of said compliance hereto. Plaintiffs are filing contemporaneously herewith a Certificate of Good Faith, pursuant to Tenn. Code Ann. § 29-26-122, which is incorporated fully herein.

3. This Federal District Court has jurisdiction of this cause because this action is brought pursuant to and in compliance with 28 U.S.C §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

4. The United States of America may be served with process in accordance with Rule 4(i) of the *Federal Rules of Civil Procedure* by serving a copy of the Summons and of the Complaint on Francis M. (Trey) Hamilton III, Acting United States Attorney for the Eastern District of Tennessee, by certified mail, return receipt requested at his office, United States Attorney, Eastern District of Tennessee; 800 Market Street, Suite 211; Knoxville, Tennessee 37902, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on Merrick B. Garland, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office; 950 Pennsylvania Ave., N.W.; Washington, DC 20530-0001, to the attention of the Civil Process Clerk.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and all events or omissions giving rise to the claim occurred in this District.

6. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Tennessee.

7. Plaintiffs plead pursuant to 28 U.S.C. §§ 2672 and 2675(a) that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the United States Department of Veterans Affairs, on or about June 11, 2020, for the claims of Plaintiffs,

which filing was supplemented on or about February 17, 2021. The United States Department of Veterans Affairs denied Plaintiffs' claims via United States Mail, Certified, on April 30, 2021, a copy of which is attached hereto. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

8. On July 5, 2019, Plaintiff Kenneth Lon Eckenrode presented to the VA for purposes of undergoing a right nephrectomy with subsequent repair of an abdominal aortic aneurysm.

9. The nephrectomy was performed by Alison Marie Christie, M.D. followed immediately thereafter by abdominal aortic aneurysm repair performed by James Robert Evans, M.D.

10. During performance of the abdominal aortic aneurysm repair, James Robert Evans, M.D. encountered bleeding leading to his taking measures to control said bleeding.

11. At some point during the procedure, Dr. Evans placed a suture which interrupted the blood supply to Plaintiff Kenneth Lon Eckenrode's non-diseased left kidney.

12. Dr. Evans failed to assure that any sutures placed to control bleeding or for any other purpose were properly placed so as not to restrict blood flow in an unintended manner prior to closing Plaintiff's abdomen.

13. The standard of care for physicians practicing in Johnson City, Tennessee and in similar medical communities in 2019 required that sutures not be placed so as to restrict blood flow to a non-diseased kidney.

14. Defendant knew or should have known that failing to assure that any sutures placed to control bleeding or for any other purpose were properly placed so as not to restrict

blood flow in an unintended manner prior to closing Plaintiff's abdomen can lead to catastrophic consequences as occurred in this case.

15. In the post-operative period following Plaintiff's abdominal aortic aneurysm repair, Plaintiff was found to be producing little to no urine from his remaining kidney.

16. Plaintiff's lack of urine output was made known to his surgeons in the immediate post-operative period by anesthesiology.

17. Despite "fluid bolusing" and "fluid resuscitations," Plaintiff remained anuric.

18. Ultrasound was eventually obtained and showed no flow to the remaining kidney.

19. The decision was made to return Plaintiff to surgery for re-exploration where the surgeons found that a "stitch that was used for what [the surgeons] felt was venous bleeding" during the course of the abdominal aortic aneurysm repair procedure appeared to be partially or totally occluding the renal artery.

20. The stitch was removed but the kidney had been ischemic for at least four (4) hours at this point and effective renal function was lost and has not returned.

21. Defendant was negligent and/or fell below the generally accepted standards of acceptable professional practice by *inter alia*:

a. Failing to properly identify the renal artery prior to placing a stitch on the artery;

b. Failing to properly place a stitch so as to prevent occlusion of blood flow;

c. Failing to assure that any sutures placed to control bleeding or for any other purpose were properly placed so as not to restrict blood flow in an unintended manner prior to closing Plaintiff's abdomen;

d. Failing to timely discover the occlusion of Plaintiff's left renal artery and return Plaintiff to surgery to reduce damage from ischemia;

e. Other acts of malpractice that will be shown at trial.

22. As a direct and proximate result of Defendant's failure to comply with the generally accepted standards of acceptable professional practice, Plaintiff suffered the loss of function of his remaining non-diseased kidney leading to the need for permanent dialysis with its attendant risks. Plaintiff has endured great pain of mind and body, has suffered the loss of enjoyment of life, and will continue to endure increased medical needs into the future. Plaintiff is currently awaiting a kidney transplant which will eventually require additional surgery which he otherwise would not have needed to endure.

23. If Defendant had complied with the generally accepted standards of acceptable professional practice, then to a reasonable degree of medical certainty, Plaintiff would have successfully recovered from his abdominal aortic aneurysm repair and nephrectomy with adequate urine output and would have been able to enjoy his normal activities.

23. Plaintiff Brenda Eckenrode has suffered the loss of consortium with her husband.

24. Plaintiffs seek all damages recoverable pursuant to the Federal Tort Claims Act.

25. This suit is being filed within six months of the mailing of the notice of denial pursuant to 28 U.S.C. § 2401(b) and greater than sixty (60) days from the mailing of the notice required by Tenn. Code Ann. § 29-26-121.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Kenneth Lon Eckenrode prays for an award of compensatory damages in the amount of Three Million Dollars ($3,000,000.00) and Plaintiff Brenda Eckenrode prays for an award of compensatory damages in the amount of One Million and No/100 Dollars ($1,000,000.00). Plaintiffs pray for an award of costs and for any other relief to which

they may be entitled either at law or in equity.

Respectfully submitted,

**GILREATH AND ASSOCIATES, PLLC**


By: *__/s/Sidney Gilreath____________________*
Sidney W. Gilreath, Esq. BPR #002000
Cary L. Bauer, Esq. BPR #019735
P. O. Box 1270
550 Main Avenue, Suite 600
Knoxville, TN 37901-1270
(865) 637-2442
(865) 971-4116 fax
gilknox@sidgilreath.com
clbauer@sidgilreath.com

**VA** | **U.S. Department of Veterans Affairs**
**Office of General Counsel**

Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

Telephone: 202-461-4900

In Reply Refer To: GCL 476876

**Certified-Mail 7008 1140 0002 2625 7375**

April 30, 2021

Sidney W. Gilreath, Esq.
Gilreath & Associates, PLLC
P.O. Box 1270
Knoxville, TN 37901-1270

Re: Administrative Tort Claim – Kenneth L. and Brenda Eckenrode

Dear Mr. Gilreath:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding Mr. Eckenrode's administrative tort claim. Our adjudication of his claim included a review of his medical records, a review of his claim by medical reviewers in different parts of the country, and interviews with medical personnel.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed Mr. Eckenrode's claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA), acting within the scope of his or her employment that caused Mr. Eckenrode compensable harm. Accordingly, his claim is hereby denied.

If you are dissatisfied with the denial of the claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Jennifer Hansen

Jennifer Hansen
Deputy Chief Counsel

MAY 04 2021